[Civil No. 668.     Filed June 2, 1899.]

[57 Pac. 614.]

J. E. WALKER, Assignee of the Hartford Banking Company, Plaintiff and Appellant, v. C. H. GRAY, Defendant and Appellee.

1. APPEAL AND ERROR—EVIDENCE—OBJECTIONS TO—NOT WITHIN ISSUES —NOT RAISED BY GENERAL OBJECTION—STIPULATIONS—WAIVER OF OBJECTION—PLEADINGS—SUFFICIENCY—VARIANCE.—In an injunction case brought by appellee against appellant, counsel for appellant objected to the admission of certain testimony on the ground that it was "immaterial, irrelevant, and incompetent." The question that no issue was made by the pleadings which rendered the testimony admissible was not raised. At the close of the injunction case, counsel for appellant stipulated in open court that said testimony, in so far as applicable, should be considered by the court and taken as proof in a second case brought by appellant against appellee from the judgment in which this appeal is taken. The record does not show that the court in ruling upon the objections made in the injunction case did so with reference to the state of the pleadings in this case, and appellant, having failed to save an exception to the admission of testimony given in the former case relating to the subject-matter of this action on the ground of insufficient allegations in the pleadings, should have, as a part of his stipulation, raised the point, and not waited until after the court's decision. Had the pleading been so defective as not to support a judgment, no objection or exception thereto was necessary to save the point. An inspection shows, however, that it is sufficient in this respect, no matter how great the variance between the allegations and proof may have been, as it clearly states a cause of action.

2. EVIDENCE—NEGOTIABLE INSTRUMENT—MUTUAL ACCOUNTS—SETTLE-MENT—GIVING NOTE PRIMA FACIE EVIDENCE ONLY.—The· giving of a note where there are mutual accounts between the maker and payee is not conclusive evidence that the maker was actually indebted to the payee in the amount mentioned therein, as a result of a complete and full settlement of mutual accounts, but only raises a presumption of this fact, which may be· overturned by competent evidence.

3. NEW TRIAL—GROUNDS—SURPRISE—DILIGENCE—TAKING CHANCES ON JUDGMENT—WHEN AVAILABLE.—Surprise which is the result of no lack of diligence, and which operates to the prejudice of the party surprised upon the trial, and prevents his obtaining evidence material and competent, is a good ground for the granting of a new trial. The party affected, however, must first have exhausted all his other remedies before he is entitled to a new trial. He will not be permitted to take his chances of obtaining a verdict or decision, and to then for the first time avail himself of the point on motion for a new trial.

4. SAME—SAME—SAME—RECORD REVIEWED AND HELD NOT TO WARRANT NEW TRIAL.—Where the record shows that the testimony claimed to be a surprise was given at the commencement of the first trial, which lasted thirteen days; that no application was made therein for a continuance to meet the testimony; that at the close of the testimony no application was made for a postponement of the second case, nor suggestion made that additional witnesses, not present, were required to meet the same; that appellant willingly entered upon the trial of the second cause under a stipulation that the proof in the first case should be the proof in the second, and allowed it to go to judgment, having lost, he will not be heard to complain because of insufficient preparation; and an application for a new trial of the second case, upon the ground of surprise,. is properly denied.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

W. H. Stilwell, C. F. Ainsworth, and Kibbey & Edwards,. for Appellants.

When there are mutual accounts between parties, the giving of a note, or notes, by one to the other is *prima facie* evidence of the settlement of the accounts between them, and is, in the absence of fraud, conclusive evidence that the amounts for which such notes are given was at the time of

making actually owing from the maker of such notes to the payee mentioned therein. *Kinman* v. *Cannefax,* 34 Mo. 147; *De Frest* v. *Bloomingdale,* 5 Denio, 304; *Dutcher* v. *Porter,* 63 Barb. 15; *Lake* v. *Tyson,* 6 N. Y. 642; *Sperry* v. *Miller,* 16 N. Y. 407; *Sprague* v. *Harmon,* 82 N. Y. 466; *Cotherman* v. *Cotherman,* 58 Mich. 465, 25 N. W. 467; *Campbell Printing Co.* v. *Yorkton,* 11 Misc. 340, 32 N. Y. Supp. 263.

When the verdict is against the weight of the evidence it is the duty of the trial court to set it aside and grant a new trial. *Wells & French* v. *Novak,* 73 Ill. App. 403.

Newly discovered evidence as ground for a new trial must be such as probably would have produced a different verdict had it been introduced. *Freeman* v. *Hutchinson,* 15 Ind. App. 639, 43 N. E. 16; *Skinner* v. *Walker,* 98 Ky. 729, 34 S. W. 233; *City of Paris* v. *Morrell,* 52 Ill. App. 121; *Peyser* v. *Coney Island etc. Co.,* 81 Hun, 70, 30 N. Y. Supp. 610.

A new trial should be granted for material evidence discovered after the trial, failure to discover it sooner being due to no negligence of the party. *Standard Life etc. Ins. Co.* v. *Askew,* 11 Tex. Civ. App. 59, 32 S. W. 31; *Halstead* v. *Horton,* 38 W. Va. 727, 18 S. E. 953; *Baumgartner* v. *Hoffman,* 9 Utah, 338, 34 Pac. 294; *Heintz* v. *Cooper,* 104 Cal. 668, 38 Pac. 511; *Grogan* v. *Chesapeake etc. R. R.,* 39 W. Va. 415, 19 S. E. 563; *Atlanta Cons. St. Ry. Co.* v. *Beauchamp,* 93 Ga. 6, 19 S. E. 24; *Andrews* v. *Mitchell,* 92 Ga. 629, 18 S. E. 1017; *Lafond* v. *Smith,* 8 Wash. 26, 35 Pac. 404.

Even on conflicting evidence, there is no abuse of discretion in granting a new trial, where the evidence is conflicting and the plaintiff alleges newly discovered evidence. *Dougherty* v. *Lewis,* 92 Ga. 573, 17 S. E. 913.

To entitle a party to a new trial, on the ground of after-discovered evidence, the court must be satisfied: 1. That the existence of such evidence came to the knowledge of the party since the trial; 2. That it was not owing to want of due diligence that it did not come to his knowledge sooner; and 3. That if a new trial was granted a different verdict would probably be rendered. *Taylor* v. *Lyon Lumber Co.,* 13 Pa. Co. R. 235.

Motions for new trials involve the inquiry whether or not substantial justice has been done. *Volkommer* v. *Nassau Elec. R. Co.,* 23 App. Div. 88, 48 N. Y. Supp. 372.

Where the newly discovered testimony goes to the foundation of plaintiff's claim it cannot be considered as merely cumulative. *Berberich* v. *Louisville Bridge Co.,* 20 Ky. Law Rep. 467, 46 S. W. 691.

If the newly discovered evidence is sufficient to render a different verdict probable, a new trial may be granted. *Smith* v. *Matthews,* 21 Misc. 150, 47 N. Y. Supp. 96.

Newly discovered evidence which relates to distinct facts of a character different from that offered at the trial, though tending to establish the same ground of claim or defense, is not cumulative. *Keeler* v. *Jacobs,* 87 Wis. 545, 58 N. W. 1107; *Kline* v. *Gibson,* 8 Ky. Law Rep. 343, 2 S. W. 116; *Hilburn* v. *Harris,* 2 Tex. Civ. App. 395, 21 S. W. 572.

Joseph Campbell, and Millay & Bennett, for Appellee.

Where there is evidence to sustain the decision of the trial court the judgment will be affirmed, although the appellate court might have found otherwise if sitting as a trial court. *Barry* v. *Coughlin,* 90 Cal. 220, 27 Pac. 197.

If the testimony of the appellee is believed, he was entitled to recover. It was given credence by the trial court, and the appellate court will not pass upon the credibility of witnesses who have testified in the court below. *Olevas* v. *Olevas,* 61 Cal. 386; *Hardenburg* v. *Bacon,* 33 Cal. 356.

When one is surprised by the evidence of the adverse party, he must apply to the trial court for time to get evidence to meet it. *Ferrer* v. *Home Mutual Ins. Co.,* 47 Cal. 416; *Doyle* v. *Hurld,* 38 Cal. 456; *Schellhous* v. *Ball,* 29 Cal. 608; *Live Yankee Co.* v. *Oregon Co.,* 7 Cal. 40; *Bailey* v. *Richardson,* 66 Cal. 416, 5 Pac. 910.

SLOAN, J.—On the fifteenth day of August, 1893, the Hartford Banking Company, a corporation duly organized under the laws of the territory of Arizona, and doing a banking business in the city of Phœnix, executed and delivered to J. E. Walker a deed of assignment of all the property belonging to the bank,—real, personal, and mixed,—in trust for the benefit of the creditors of the company. The books of the bank at the time of the assignment showed that appellee, C. H. Gray, was indebted to the bank for overdrafts in the sum of $4,803.89. On the thirteenth day of June, 1895,

said assignee brought suit to recover from said Gray the amount of said indebtedness as shown by the books of the bank. The answer of Gray to the complaint in this action contained a general denial, and by way of special defense set up that between the thirtieth day of May, 1895, and the first day of June, 1897, the defendant, for the use and benefit of the plaintiff's assignor, the Hartford Banking Company, advanced and paid over to the Bank of British Columbia the sum of $8,528, in which said sum said banking company was indebted to the Bank of British Columbia; that neither the plaintiff nor said Hartford Banking Company had repaid said sum to the defendant, or any part thereof. By way of further answer and counterclaim, the answer alleged that at various times between the first day of January, 1889, and the first day of July, 1893, said defendant deposited with the said Hartford Banking Company large sums of money, aggregating the sum of thirteen thousand dollars, for the use of defendant (to be drawn out and used by him); that on the —— day of January, 1893, said defendant demanded of said banking company said sum of thirteen thousand dollars; and that the said bank had failed and refused to pay the same, or any part thereof,—and prayed that the said Hartford Banking Company be made a party to the action, and that defendant recover judgment for said sum of thirteen thousand dollars, with interest; and that the plaintiff be ordered to pay the same out of any funds he might have belonging to said banking company; and for costs. No answer was filed by the plaintiff in this action to the defendant's counterclaim.

The record discloses that at the time of the institution of the above action there was pending in the district court of Maricopa County an action brought by said C. H. Gray and Mary A. Gray, his wife, against the said Hartford Banking Company and said J. E. Walker, assignee of said company. The object of this suit was to obtain an injunction against Walker, as assignee, restraining him from proceeding with the sale of certain premises owned by plaintiffs under a judgment obtained by the Bank of British Columbia against said plaintiffs for the sum of $10,057.82, including interest and costs, and the foreclosure of certain mortgage liens against said premises, which said judgment had been assigned to said Walker, as the assignee of said Hartford Banking

Company. As a ground for said relief, plaintiffs in this suit set up that the said judgment represented an indebtedness which had been evidenced by two promissory notes of five thousand dollars each, each secured by a mortgage on premises belonging to said C. H. and Mary A. Gray, and that these notes and mortgages were given to said Hartford Banking Company without any consideration whatever, and were accommodation paper merely. The complaint in injunction further alleged that said Gray had paid the Bank of British Columbia on said notes and mortgages the sum of $8,520, for which judgment was asked against said Walker, as assignee, for said amount, together with the costs.

When these two cases were called for trial, they were, by the consent of parties, tried together; the testimony in the injunction case being first taken, and by stipulation, so far as applicable, was considered as offered in the case of Walker, as assignee, against C. H. Gray. In the injunction suit the court found that the plaintiffs had failed to establish any equitable ground for enjoining the enforcement of the judgment obtained by the Bank of British Columbia, and assigned to Walker as assignee, upon which judgment there was an unpaid balance of $5,154.51, and dismissed the action.

In the suit of Walker, assignee, against C. H. Gray, the findings of fact made by the court were as follows: "First. That on the 15th day of August, 1893, the Hartford Banking Company executed and delivered to the plaintiff a deed of assignment, in trust and for the benefit of all its creditors, of all the property belonging to said banking corporation, and that plaintiff is the duly qualified and acting trustee of said corporation. Second. That in divers sums and at divers times between the 1st day of January, 1889, and the 1st day of July, 1893, the said defendant, C. H. Gray, deposited with the Hartford Banking Company, to be placed to the credit of said defendant, and to be drawn out on checks of said defendant when he should so elect, the total sum of $51,851.36, and with said sum so deposited by defendant with the said Hartford Banking Company, was included the sum of $31,500 so deposited by the defendant with the Hartford Banking Company on the 12th day of November, 1890, and of which said sum $22,000 only was placed to the credit of said defendant by the said Hartford Banking Company, and

the remainder thereof, to wit, the sum of $9,500, was by the
cashier of the said Hartford Banking Company wrongfully,
and without the knowledge or consent of said defendant,
C. H. Gray, placed to the credit of E. H. Hiller, trustee;
that the said sum of $51,851.36 deposited by the defendant,
C. H. Gray, with the Hartford Banking Company, also in-
cluded the sum of $1,000 so deposited by the said defendant
on November 12, 1890, to be drawn out by the said defendant
on the performance of certain conditions by the said defend-
ant, and that thereafter the said conditions were duly per-
formed by the said defendant, and the bank has undoubtedly
received authority to pay said $1,000, but that said assignee
placed it to the credit of said defendant in the books of the
said bank; and that the defendant never drew out the same,
and is now entitled to the same against the plaintiff herein.
Third. That between the 1st day of January, 1889, and the
1st day of July, 1893, said defendant drew out of said bank
the sum of $46,155.76, which said amount includes the sum
of $4,803.89 mentioned in the complaint of plaintiff herein,
and for which suit was brought by the plaintiff. Fourth.
That on the 15th day of August, 1893, the date upon which
said Hartford Banking Company made said assignment, it
was indebted to said defendant upon said deposits in the sum
of $5,696.11, no part of which has been paid to the said de-
fendant." Under these findings, the court gave judgment
for the defendant, Gray, in the sum found due him,—to wit,
$5,696.11,—less the amount due from said C. H. and Mary A.
Gray to Walker, as the assignee of the Hartford Banking
Company, under the judgment of foreclosure rendered in the
suit of the Bank of British Columbia against C. H. Gray and
Mary A. Gray,—to wit, the sum of $5,154.51. This left a
balance of $541.60, which sum, together with the costs,
Walker, as assignee, was ordered and adjudged to pay to said
C. H. Gray out of any funds in his hands as such assignee, or
that might thereafter come into his hands, belonging to the
Hartford Banking Company, at the same ratio as other debts
of said company.

The appellant, Walker, filed his motion for a new trial, in
which he set up that at the trial of the action he was taken
by surprise, in that, from the answer and counterclaim filed,
he was led to expect that Gray's defense would be limited to·

proof that the sum of $8,528, alleged to have been paid the
Bank of British Columbia, had been paid for the benefit of
said Hartford Banking Company under the notes given as
accomodation paper, and to proof that between the first day
of January, 1889, and the first day of July, 1893, he had
deposited with said Hartford Banking Company the sum of
thirteen thousand dollars, which had not been drawn by him
or paid to him by said bank; that upon the trial Gray was
permitted to testify, over objection, that on or about Novem-
ber 12, 1890, a certain check for thirty-one thousand five
hundred dollars had been deposited by him in the said bank,
which should have been credited to him on the books of the
company, but that in fact but twenty-two thousand dollars
of this sum was so credited, and that the balance of nine
thousand five hundred dollars was placed by one E. H. Hil-
ler, cashier of said bank, to the account of E. H. Hiller,
trustee, without authority, and without his knowledge and
consent, and that the said sum of nine thousand five hundred
dollars was due him from said bank, and for which he should
be credited; that there was nothing in the pleadings to indi-
cate that an issue would arise as to the proper disposition of
the nine thousand five hundred dollars, and that, had he
known or anticipated that such an issue would arise, he would
have been prepared to have met the issue with the production
of testimony showing that Gray had been credited by the
bank in the total amount due him, and that the nine thousand
five hundred dollars placed to the credit of E. H. Hiller,
trustee, was not the money of said C. H. Gray, but the money
of said E. H. Hiller, trustee; that since the trial of the action
he has learned by the affidavits of one A. G. Hubbard and
said E. H. Hiller that the said nine thousand five hundred
dollars was a part of the thirty-one thousand five hundred
dollars paid into the bank on a check payable to the order of
said E. H. Hiller, twenty-two thousand dollars of which last
amount was to be paid to said Gray, and the said nine thou-
sand five hundred dollars was for the purpose of paying cer-
tain indebtedness of said Gray, and certain costs incurred in
a suit wherein said Gray was a party; that the testimony of
said Hubbard and said Hiller could have been obtained by
him, had he known or expected, or had reason to know or
expect, that said testimony would be material in the trial of

said action. The court overruled the motion for a new trial, from which ruling and from the judgment Walker appeals.

Six assignments of error were made by counsel for appellant in their brief. The first two were based upon the reception of evidence on the part of appellee, Gray, and the rulings of the court thereon,—particularly upon the admission of the testimony of Gray relating to the check for thirty-one thousand five hundred dollars, and the misappropriation by the cashier of the bank of nine thousand five hundred dollars, part of the proceeds of the check. It is contended that neither the answer nor the counterclaim filed in this action supports this evidence. This testimony was put in in the injunction case, in which the transactions between Gray and the bank were fully gone into. When the testimony was introduced, the objection was made by counsel for appellant that it was "immaterial, irrelevant, and incompetent." The question that no issue was made by the pleadings which rendered the testimony of Gray as to the misappropriation of the nine thousand five hundred dollars admissible was not raised. Again, as we have seen, at the close of the testimony put in in the injunction case, counsel for appellant stipulated in open court that said testimony, in so far as applicable, should be considered by the court, and taken as the proof in this case. The record does not show that the court, in ruling upon the objections made to the introduction of evidence in the injunction case, did so with reference to the state of the pleadings in this case. Appellant, therefore, in order to save an exception to the admission of testimony given in the former case relating to the subject-matter of this action on the ground of insufficient allegations in appellee's answer and cross-complaint, should have, as a part of his stipulation, raised the point, and not waited until after the court's decision. Had the cross-complaint been so radically defective as not to support a judgment thereon, no objection or exception thereto was necessary in order to save the point. An inspection, however, of the counterclaim, will show that it is sufficient in this respect, no matter how great the variance between the allegations of such counterclaim and the proof may have been, as it clearly stated a cause of action. We hold, therefore, that appellant waived his objection by his stipulation and failure to raise the point at any time during the trial.

The third and fourth assignments of error are based upon the insufficiency of the evidence to support the judgment. It is contended in support of these assignments that appellant was concluded from claiming that the bank misappropriated the sum of nine thousand five hundred dollars out of the proceeds of the check for thirty-one thousand five hundred dollars deposited by him with the Hartford Banking Company, and that he therefore should be credited with that amount, because subsequently he gave to the bank two notes, for five thousand dollars each, secured by mortgage on his homestead and other real estate, as found by the court in the judgment rendered in the injunction case. In support of this contention, counsel for appellant cite a large number of authorities. None of these, however, go to the extent of holding that the giving of a note is conclusive evidence of a settlement of all accounts between the parties, and that the amount expressed in the note represented the exact indebtedness of the maker to the payee, as a result of such settlement. The farthest extent to which these cases go is that the giving of a note where there are mutual accounts between the maker and payee is *prima facie* evidence of a settlement of the accounts, and that the amount expressed in such note actually represents a balance due from the maker to the payee. Such a note is not held, in other words, to be conclusive evidence that the maker was actually indebted to the payee in the amount mentioned therein, as a result of a complete and full settlement of mutual accounts, but only to raise a presumption of this fact, which may be overturned by competent evidence.

The fifth and sixth assignments of error have reference to the action of the court in overruling appellant's motion for a new trial upon the ground of surprise and newly-discovered evidence. Appellant contends that the trial court erred in not granting him a new trial for the reason that he was taken by surprise by the testimony of Gray relative to the misappropriation by the cashier, Hiller, of the nine thousand five hundred dollars, because there was nothing in the answer or counterclaim of appellee, Gray, to indicate that any such defense would be made, and for the reason that the affidavits of A. G. Hubbard, of the firm of Hubbard & Bowers, who drew the check for thirty-one thousand five hundred dollars,

and the affidavit of the cashier, E. H. Hiller, made part of the
motion, contradicted the testimony of Gray, and showed that
the latter had been credited with the full amount of the pro-
ceeds of said check for thirty-one thousand five hundred dol-
lars which was due him, and that there was no misappropria-
tion of the remainder, as was claimed by him, and for the fur-
ther reason that if appellant had had reason to expect or had
had knowledge that such a defense would be made, he would
have had the testimony of said Bowers [Hubbard] and of said
Hiller on the trial of the cause.  Surprise which is the result
of no lack of diligence, and which operated to the prejudice
of the party surprised, upon the trial, and prevented his
obtaining evidence material and competent, is a good ground
for the granting of a new trial.  The party affected, however,
must first have exhausted all his other remedies, before he is
entitled to a new trial.  He will not be permitted to take his
chances of obtaining a verdict or decision, and to then for the
first time avail himself of the point on motion for a new
trial.  As we have seen, the testimony of Gray was put in in
the injunction case.  The records show that this cause was
begun on the twenty-eighth day of May, 1898, and concluded
on the ninth day of June, 1898.  Gray was the first witness
called in the action.  The record fails to disclose that appellant
made any application to the court for a continuance in the
injunction case in order that he might meet the testimony of
appellee which he claims occasioned his surprise; nor does
it show that at the conclusion of the injunction case he made
an application for a postponement of the hearing of this case
in order that he might procure the testimony of Hubbard
and Hiller; nor did he call the court's attention to the fact
that the testimony of Gray made it necessary that he should
procure the testimony of other witnesses than those then in
attendance on the court.  The appellant had abundant oppor-
tunity to apply to the court for a continuance of this cause
upon the ground of surprise, and during the trial of the
injunction suit had abundant time within which to consider
and determine whether the testimony of Hiller or other wit-
nesses would have been needed to meet the testimony of Gray
in this suit.  His silence upon the point of surprise during the
trial of the injunction case, and his willingness to enter upon
the hearing of this cause under stipulation that the proof in

the injunction case should be the proof in this case, indi-. cated that he was content to submit the question as to the misappropriation by the bank of the nine thousand five hundred dollars as claimed by Gray, on his part, upon the evidence of the books of the company, and upon the other evidence in the cause. And, having lost, he should not thereafter be heard to complain because of insufficient preparation to meet the issues as raised by appellee. For that reason, we do not think the trial court erred in overruling appellant's motion for a new trial. The judgment of the court below is affirmed.

Doan, J., and Davis, J., concur.